IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 07-00310 SOM-KSC |
| | ) |
| Petitioner, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PETITION TO ENFORCE IRS |
| | ) SUMMONSES |
| MORGAN LIDDELL and | ) |
| DELIA VALENTIN, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |

## FINDINGS AND RECOMMENDATION TO GRANT PETITION TO ENFORCE IRS SUMMONSES

On June 8, 2007, Petitioner United States of America ("Petitioner") filed a Petition to Enforce IRS Summonses ("Petition") served upon Respondents Morgan Liddell and Delia Valentin individually and Morgan Liddell as an agent of Eco Financial ("Respondents") and a Declaration of Revenue Agent Debra Tsuha ("Tsuha Declaration").  On June 12, 2007, the Court issued an Order to Show Cause directing Respondents to show cause why they should not be compelled to comply with the

Internal Revenue Service ("IRS") summonses served upon them.

On July 6, 2007, Respondents filed an Opposition to Petition to Enforce IRS Summonses ("Opposition"), a Declaration of Respondent Morgan Liddell, and a Declaration of Respondent Delia Valentin.  On July 11, 2007, Petitioner filed a Reply in Response to Respondents' Opposition to Petitioner's Petition to Enforce IRS Summonses ("Reply") and a Second Declaration of Revenue Agent Debra Tsuha ("Second Tsuha Declaration").[1]

On July 17, 2007, the matter came on for hearing.  Attorney Jeremy N. Hendon appeared on behalf of Petitioner; Respondent Morgan Liddell appeared on

---

[1] On July 11, 2007, Petitioner also filed a Motion for Leave to File Reply Brief in Excess of Fifteen Pages.  In response, on July 13, 2007, this Court issued an Order Granting Petitioner's Motion for Leave to File Reply Brief in Excess of Fifteen Pages. On July 13, 2007, Respondents filed a Response to Reply to Opposition to Petition to Enforce IRS Summons without obtaining leave from the Court.  The Court nonetheless heard comments from Attorney Jeremy N. Hendon in response to the arguments raised in this document in the hearing on July 17, 2007.

behalf of himself; Respondent Delia Valentin appeared by phone on behalf of herself.

The Court, having carefully considered the arguments, written submissions and the record herein, FINDS and RECOMMENDS that the Petition be GRANTED and the IRS summonses be enforced.

### BACKGROUND

On June 19, 2006, IRS Agent Debra Tsuha served an attested copy of the summonses to Respondents by leaving the summonses at their last and usual place of abode in accordance with 26 U.S.C. § 7602.  The summonses served individually to Morgan Liddell and Delia Valentin requested five categories of documents relating to the financial affairs of Respondents.[2]  The

---

[2] The summonses issued to Respondents individually requested information related to the following: (1) all records from January 1, 2001 to date of the summons relating to credit cards issued by MasterCard or any other offshore credit cards; (2) records regarding the Indymac loan; (3) records of charitable contributions for 2003; (4) all documents given to Colony Mortgage to obtain a loan from that entity; (5) contracts and agreements for construction of the home at 5900 Kololai Place, Kapaa, Hawaii.  See Petition to Enforce IRS Summons, Exhibit A and Exhibit B.

3

summons served to Morgan Liddell as an agent of Eco Financial Corporation requested seven categories of documents relating to the financial relationship between Morgan Liddell and Eco Financial Corporation.[3] The summonses issued to Morgan Liddell and Delia Valentin in their individual capacities directed Respondents to comply with the summonses by July 5,

---

[3] The summons issued to Morgan Liddell as an agent of Eco Financial Corporation requested information relating to the following: 1) records received by Mr. Liddell or his firm, between January 1, 2001 to the date of the summons, from or on behalf of Eco Financial Corporation or any entity on whose behalf Mr. Liddell or his firm had dealings with Eco Financial Corporation; 2)records regarding the accounts used by Mr. Liddell or Eco Financial Corporation; 3) records between January 1, 2001 to the date of the summons, dealing with the formation and operation of any corporation on behalf of Eco Financial Corporation; 4) records between January 1, 2001 to the date of the summons dealing with the opening, closing, and maintenance of any financial account over which Eco Financial Corporation had authority over; 5) records between January 2, 2001 to the date of the summons dealing with the acquisition, disposition and/or maintenance of any and all assets for or on behalf of Eco Financial Corporation; 6)records of communications between Mr. Liddell or his firm regarding the business or financial affairs of Eco Financial Corporation; and 7)credit cards provided for Mr. Liddell's or his firm's use by Eco Financial Corporation.

2006. The summons issued to Morgan Liddell as an agent for Eco Financial Corporation directed Respondent Morgan Liddell to comply with the summons by July 14, 2006. Respondents did not appear before Agent Tsuha on July 5, 2006 or July 14, 2006 to provide the testimony and records as requested by the summonses. Petitioner responded by filing the instant Petition.

## DISCUSSION

In order to obtain enforcement of a summons, the Internal Revenue Service ("IRS") need only make a prima facie showing of good faith in the issuance of the summons. See Lidas Inc. v. United States, 238 F.3d 1076, 1082 (9th Cir. 2001). A showing of good faith is based upon the four requirements set forth in United States v. Powell, which requires the IRS to show that: 1) the investigation is conducted for a legitimate purpose; 2) the inquiry may be relevant to that purpose; 3) the information requested is not already in the possession of the IRS; 4) the administrative steps required by the Internal Revenue Code have been

followed.  United States v. Powell, 379 U.S. 48, 57-58 (1964).  Declarations or affidavits by directors or agents generally satisfy the burden of Powell.  Lidas, 238 F. 3d at 1082 (9th Cir. 2001) (citing United States v. Stuart, 489 U.S. 353, 360-361 (1989)).

This Court finds that all four Powell factors have been satisfied by Agent Debra Tsuha's declaration in this case.  See Tsuha Declaration.  First, Petitioner has demonstrated that it has a legitimate purpose for issuing the summonses to Respondents: to determine the federal income tax liability for Respondents for the tax years of 2002 and 2003.  See Internal Revenue Code ("IRC") § 7601(a) and § 7602(a).

Second, the Court finds that Petitioner's inquiry may be relevant to its stated purpose of investigating the tax liabilities of the Respondents. IRC § 7602(a)(1) authorizes the IRS to examine, "any books, papers, records, or other data which *may be relevant* or material" to its inquiry (emphasis added). The IRS can issue a summons to investigate "merely on

suspicion of that the law is being violated, or even just because it wants assurance that it is not." Powell, 379 U.S. at 57. The Supreme Court has noted that the language "may be" in § 7602 "reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility." United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984). In this case, Petitioner has stated that the information sought by the summonses may be relevant in determining the correct tax liabilities for Respondents. Respondents have failed to demonstrate that the documents requested by the IRS are irrelevant to the IRS' investigation.

Based on the information provided in the Tsuha Declaration, the Court finds that the items the IRS is requesting in its summonses are not already in its possession.[4]  See Tsuha Declaration at ¶11 and Second

---

[4]In the Second Tsuha Declaration and in the arguments set forth by Attorney Jeremy N. Hendon, the IRS corrected its initial assertion that it did not

7

Tsuha Declaration at 3-5, ¶5.  In <u>United States v. Dynavac</u>, the Ninth Circuit stated that "[t]he government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." <u>United States v. Dynavac</u>, 6 F.3d 1407,1414 (9th Cir. 1993) (citing <u>United States v. Abrahams</u>, 905 F.2d 1276 (9th Cir. 1990)).  Thus, the statement in the Tsuha Declaration that the summoned information is not in the possession of the IRS is sufficient to satisfy Petitioner's burden.  <u>See</u> Tsuha Declaration at 4-5, ¶ 11.[5]

---

have information regarding the Indymac Loan. Indymac's first response to the summons was that Indymac had no responsive documents.  In its second response however, Indymac supplied the requested documents.  At the hearing, Petitioner stated that it will not seek enforcement of the Indymac requests in ¶2 of the summonses issued to Morgan Liddell and Delia Valentin. The IRS has also stated that the monthly and periodic statements for Respondents' Master Card payment card issued by Bank of N.T. Butterfield and Son Limited for the closing dates June through December 2002 and January through May 2003 are in the IRS' possession. <u>See</u> Second Tsuha Declaration at 3-5, ¶5(b).

[5] In her Second Declaration, Agent Tsuha responds specifically to what documents are in the IRS'

8

Finally, the Court finds that the administrative steps required by the IRC have been followed.  Again, this requirement can be met by merely presenting the sworn affidavit of one of the agents who issued the summons attesting to these facts. Dynavac, Inc., 6 F.3d at 1414.  Agent Tsuha stated in her Declaration that "[a]ll administrative steps required by the Internal Revenue Code for the issuance of the summonses have been followed." Tsuha Declaration at 10, ¶ 24.  Therefore, Petitioner has met its burden of demonstrating that the administrative steps required by the IRC have been followed.

Once the government has met its burden under Powell, a "heavy" burden is placed on the taxpayer to show an abuse of the court's process of enforcing the administrative summons, or a lack of institutional good

---

possession from the third-party summonses questioned by Respondents. See Second Tsuha Declaration at 3-5, ¶ 5. Respondents' arguments regarding such third-party summonses are irrelevant and do not affect their obligation to comply with the summonses served upon them.

9

faith. <u>Fortney v. United States</u>, 59 F.3d 117, 120 (9th Cir. 1995).  In order to meet this burden, the "taxpayer must allege specific facts and evidence to support its allegations." <u>Liberty Financial Services v. United States</u>, 778 F.2d 1390, 1392 (9th Cir. 1985). Respondents contend that Petitioner's did not issue the summonses in good faith, alleging Petitioner's were instead concealing a criminal investigation as a tax audit. Opposition at 7.  The Court finds that this allegation is without merit because Respondents have failed to meet their burden of providing "specific facts and evidence" to support such a claim.  <u>See</u> <u>Liberty</u>, 778 F.2d at 1392.

Under IRC § 7602(d), a summons cannot be enforced with respect to a person if a Justice Department referral is in effect with respect to such person.  In her Declaration, Agent Tsuha stated that, "[n]o Justice Department referral, as defined by 26 U.S.C. 7602(d)(2), is in effect with respect to Morgan Liddell or Delia Valentin for the tax years ending

December 31, 2002 and December 31, 2003." Tsuha Declaration at 9, ¶ 20.  Moreover, even if Petitioner had a secondary purpose for issuing the summons, such as investigating possible criminal activity, the summonses would not be invalid.[6]  IRC § 7602(b) authorizes the IRS to issue a summons for "the purpose of inquiring into *any* offense connected with the administration or enforcement of the internal revenue laws." (emphasis added); see also Couch v. United States, 409 U.S. 322, 326 (1973)("[i]t is now undisputed that a special agent is authorized, pursuant to 26 U.S.C. § 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences").  Thus, the determining factor is whether or not there is a Justice Department referral in effect for the tax years addressed by the summons.  There is no indication of such a referral in this case.  Therefore, the Court

---

[6] Petitioner states that it is not admitting to any underlying criminal investigation occurring in this case. See Reply at 7.

11

finds that Respondents have failed to meet their heavy burden of showing an abuse of the Court's process or lack of institutional good faith.

Respondents assert that the summons served on Respondent Morgan Liddell as an agent of Eco Financial Corporation was improper because Morgan Liddell is not an agent of Eco Financial Corporation. Opposition at 3. Although Respondent Liddell maintains that he is not an agent of Eco Financial Corporation, the Court finds that there is evidence indicating that some relationship between Mr. Liddell and Eco Financial Corporation exists. See Exhibits 1 and 2 of the Reply (a copy of a Print Card Name Summary regarding a credit card for Eco Financial Corporation with Mr. Liddell's name on it and a copy of a receipt showing a purchase at Jim Saylor Jewelers made by Morgan Liddell with the offshore credit card in the name of Eco Financial Corporation, respectively). The Court finds that since there is apparently some relationship between Morgan Liddell and Eco Financial Corporation, directing

enforcement of the summons served on Morgan Liddell as an agent of Eco Financial Corporation is appropriate at this time.

Respondents also list numerous defenses in response to the summonses,[7] but fail to specify which particular portions of these summonses relate to each defense asserted.  Furthermore, Respondents fail to assert any facts in support of their defenses.  For example, in their Opposition, Respondents indicated that they intend to evoke Fifth Amendment protection.  As to individuals, "[a] claim of Fifth Amendment privilege may be asserted if there are 'substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial,' that information sought in an IRS summons might be used to establish criminal liability."  United States v.

---

[7] In their Opposition, Respondents indicated that they intend to evoke the following rights in addition to Fifth Amendment protection: spousal communication privilege, spousal testimony privilege, attorney client privilege, Taxpayer Bill of Rights 1, 2, and 3, and Fourth Amendment protection. Opposition at 4.

Drollinger, 80 F.3d 389, 392 (9th Cir. 1996). However, the privilege must be asserted with specificity.  See id. at 392 (citing United States v. Bodwell, 66 F.3d 1000, 1001 (9th Cir. 1995))("[t]he only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis"). Therefore, Respondent's blanket Fifth Amendment claim is not sufficient to validly assert that right. See United States v. Hatchett, 862 F.2d 1249, 1251 (6th Cir. 1988)("a blanket assertion of the privilege will not suffice")(quoting In re Morganroth, 718 F.2d 161, 167 (6th Cir. 1983)).[8]  Accordingly, Respondents have failed to meet their heavy burden of providing specific facts and evidence to show an abuse of the Court's process or lack of institutional good faith.

---

[8]Representatives of a corporate entity, on the other hand, have no 5th amendment privilege rights when production is requested in regards to their official capacity.  See Braswell v. United States, 487 U.S. 99 (1988)("[t]he custodian's act of production is not deemed a personal act, but rather an act of the corporation.  Any claim of Fifth Amendment privilege asserted by the agent would be tantamount to a claim of privilege by the corporation--which of course possesses no such privilege").

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the Petition be GRANTED and the IRS summonses be enforced.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, July 23, 2007.

     

_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 07-00310 SOM-KSC; USA vs. MORGAN LIDDELL and DELIA VALENTIN; FINDINGS AND RECOMMENDATION TO GRANT PETITION TO ENFORCE IRS SUMMONSES

15