IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>vs.<br><br>MORGAN LIDDELL, and<br>DELIA VALENTIN,<br><br>Respondents.<br>_____________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 07-00310 SOM/KSC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION BUT COORDINATING TIMING OF COMPLIANCE WITH SUMMONSES TO AVOID CONFLICT WITH DISCOVERY IN NEW CIVIL ACTION |

ORDER DENYING MOTION FOR RECONSIDERATION
BUT COORDINATING TIMING OF COMPLIANCE WITH SUMMONSES
TO AVOID CONFLICT WITH DISCOVERY IN NEW CIVIL ACTION

## I. INTRODUCTION.

On June 8, 2007, the Government filed a petition to enforce IRS summonses served on Morgan Liddell, Delia Valentin, and Eco Financial Corporation (collectively, “Respondents”). On August 21, 2007, the court granted that petition without holding an evidentiary hearing.

On August 27, 2007, Respondents filed a motion asking this court to reconsider the order granting the Government’s petition to enforce the summonses. Because Respondents show no reason to reconsider the matter, the motion to reconsider is denied.

## II. STANDARD OF REVIEW.

Respondents moved for reconsideration of the order enforcing the IRS summonses under Local Rule 60.1(a), arguing that “new material facts not previously available” justifies

reconsideration of the order. Although Local Rule 60.1(a) normally applies only to interlocutory orders, because judgment has not yet been entered in this case, the court examines the motion for reconsideration under Local Rule 60.1(a), rather than as a motion seeking post-judgment relief.

Respondents base their motion for reconsideration on a claim of newly discovered evidence. To support such a motion, Respondents must show not only that the evidence was newly discovered or unknown, but also that they could not with reasonable diligence have discovered and produced such evidence earlier. See Engelhard Indus., Inc. v. Research Instr. Corp., 324 F.2d 347, 352 (9th Cir. 1963); Local Rule 60.1(a). This court has no reason to think that Respondents knew or could have known earlier about the newly discovered evidence.

## III. ANALYSIS.

On August 22, 2007, the day after this court ordered enforcement of the IRS summonses, the Government filed a civil suit against Liddell and others, seeking to enjoin them, in part, from participating in the very scheme at issue in this case. See Complaint for Permanent Injunction and Other Relief, Civ. No. 07-00442 SPK/LEK (Aug. 22, 2007). In pertinent part, the Government's August 22, 2007, complaint seeks to enjoin Liddell from advising clients to participate in a tax avoidance scheme (Count I), from preparing false tax returns (Count II), and from

unlawfully interfering with enforcement of internal revenue laws (Count III). Id.

Respondents move for reconsideration of the August 21, 2007, order enforcing the IRS summonses in light of the August 22, 2007, civil complaint that seeks injunctive relief against Liddell. Respondents argue that the new civil suit is "evidence of a potential ongoing criminal investigation" and that this court should conduct an evidentiary hearing to determine whether the Government is proceeding with the IRS summons process in good faith. This argument, however, presupposes a criminal investigation. The filing of a civil action seeking to enjoin Liddell from acts relating to a tax scheme is not evidence that the Government is conducting an investigation for the purpose of bringing a criminal charge against any of the Respondents. Although Respondents presumably did not know that the Government would file the August 22, 2007, civil complaint, that filing is insufficient to establish that the Government is proceeding in bad faith. See United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997); Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985). This court, lacking all but Respondents' allegation of bad faith on the Government's part, continues to decline to conduct an evidentiary hearing on the matter. See United States v. Tanoue, 94 F.3d 1342, 1345 (9th Cir. 1996); United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1346-47

(9th Cir. 1983). Respondents' motion for reconsideration is denied.

The court notes that the materials sought by the IRS summonses in this case might overlap material that is discoverable by the Government in the civil suit initiated on August 22, 2007. For that reason, while enforcing the summonses, the court orders that the timing of compliance with the summonses in this case shall correspond to the timing of the earliest allowable discovery in Civil No. 07-00442 SPK/LEK. That is, because the summonses in this case may yield information that supports the civil complaint in Civil No. 07-00442 SPK/LEK, this court is concerned that the summonses in the present action not be a means by which the Government obtains such information in advance of when such information could reasonably be obtained in the civil case. If discovery in the civil case is expedited for purposes of seeking injunctive relief, then the information sought in the existing summonses should be provided by Respondents with corresponding promptness.

This court recognizes, of course, that the Government's aim in issuing the summonses (i.e., determination of Respondents' past tax liabilities) differs from the aim of the new civil suit (enjoining the defendants from perpetrating an alleged fraudulent scheme). However, a significant overlap of evidence appears highly likely. This court addresses the likely overlap by

coordinating the timing for producing information, but this court does not retract its earlier order that production be made. If Civil No. 07-00442 SPK/LEK is terminated for any reason, including the entry of a permanent injunction or dismissal of the case, before the IRS summonses in this case have been complied with, Respondents shall immediately comply with the summonses issued in this case.

IV. CONCLUSION.

Based on the forgoing, the court denies Respondents' motion for reconsideration. The Clerk of Court shall enter judgment in favor of the Government and close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, August 28, 2007.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Liddell, et al., Civil No. 07-00310 SOM/KSC; ORDER DENYING MOTION FOR RECONSIDERATION BUT COORDINATING TIMING OF COMPLIANCE WITH SUMMONSES TO AVOID CONFLICT WITH DISCOVERY IN NEW CIVIL ACTION