IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 07-00310 SOM/KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION TO STAY |
| vs. | ) | ENFORCEMENT OF IRS SUMMONSES |
| | ) | PENDING APPEAL |
| MORGAN LIDDELL, and | ) | |
| DELIA VALENTIN, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO STAY ENFORCEMENT
OF IRS SUMMONSES PENDING APPEAL

On June 8, 2007, the Government filed a petition to enforce IRS summonses served on Morgan Liddell, Delia Valentin, and Eco Financial Corporation (collectively, "Respondents"). On August 21, 2007, the court granted that petition without holding an evidentiary hearing.

On August 27, 2007, Respondents filed a motion asking this court to reconsider the order granting the Government's petition to enforce the summonses. That motion was denied on August 28, 2007. In the process, however, the court delayed mandatory compliance with the summonses until such time as discovery could be conducted in a recently-filed civil matter:

> The court notes that the materials sought by the IRS summonses in this case might overlap material that is discoverable by the Government in the civil suit initiated on August 22, 2007. For that reason, while enforcing the summonses, the court orders that the timing of compliance with the summonses in this case shall correspond to

> the timing of the earliest allowable
> discovery in Civil No. 07-00442 SPK/LEK.
> That is, because the summonses in this case
> may yield information that supports the civil
> complaint in Civil No. 07-00442 SPK/LEK, this
> court is concerned that the summonses in the
> present action not be a means by which the
> Government obtains such information in
> advance of when such information could
> reasonably be obtained in the civil case.  If
> discovery in the civil case is expedited for
> purposes of seeking injunctive relief, then
> the information sought in the existing
> summonses should be provided by Respondents
> with corresponding promptness.

Order Denying Motion for Reconsideration but Coordinating Timing of Compliance with Summonses to Avoid Conflict with Discovery in New Civil Action (Aug. 28, 2007) at 4.

On January 31, 2008, Respondents filed a motion to stay enforcement of the IRS summonses pending the adjudication of their appeal of this court's ruling to the Ninth Circuit. Respondents fail to demonstrate that this matter should be stayed pending their appeal.

This court evaluates a motion for stay pending appeal using two interrelated legal tests.  The tests represent the outer reaches of a single continuum.  At one end, the appellant "must show both a probability of success on the merits in his appeal and the possibility of irreparable injury.  At the other end of the continuum, [the appellant] must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in his favor."  The public's interest is

an additional factor.  Artukovic v. Rison, 784 F.2d 1354, 1355 (9th Cir. 1986); Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983) ("The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction."); Maui Land & Pineapple Co. v. Occidental Chem. Corp., 24 F. Supp. 2d 1083, 1084-85 (D. Haw. 1998) ("The standard for evaluating a request for a stay pending appeal is similar to that for evaluating a request for preliminary injunction.").

Respondents fail to demonstrate any possibility of success on the merits.  Respondents do not identify which, if any, arguments they think they will be successful on before the Ninth Circuit.  This court has therefore examined the arguments Respondents raised before this court.  All of those arguments are unmeritorious.  Given Respondents's failure to even raise serious questions as to whether this court erred in enforcing the IRS summonses, Respondents are not entitled to a stay of this court's decision to enforce the IRS summonses.

In denying Respondents' motion to stay pending appeal, this court notes that Respondents are unconvincing in arguing that they need not comply with the IRS summonses because discovery has not yet occurred in the civil case.  In this court's August 28, 2007, order, this court coordinated the timing of compliance with the IRS summonses with the time frame in which

discovery could begin in the civil case.  See Order Denying Motion for Reconsideration but Coordinating Timing of Compliance with Summonses to Avoid Conflict with Discovery in New Civil Action (Aug. 28, 2007) at 4 ("the court orders that the timing of compliance with the summonses in this case shall correspond to the timing of the earliest allowable discovery in Civil No. 07-00442 SPK/LEK").  Because the Government could have now sought discovery in the civil case, the Government may immediately enforce the IRS summonses in this matter.

        IT IS SO ORDERED.

        Dated:  Honolulu, Hawaii, February 4, 2008.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Liddell, et al., Civil No. 07-00310 SOM/KSC; ORDER DENYING MOTION TO STAY ENFORCEMENT OF IRS SUMMONSES PENDING APPEAL